Barnard, J.
The sole question on this motion is one of fact. Under subdivision 3 of section 432 of the Code service may be made upon a foreign corporation which has property within this state upon a “ managing agent of the corporation within this state.” The service of the sumúíons was made *157 upon Thomas C. Pollock. Pollock is employed by the Pennsylvania Railroad Company and paid by them, but he has the right to do something for the defendant. The moving affidavits leave it in doubt as to the precise extent of his powers. As a matter of convenience between the two companies he is authorized to transact certain details in connection with the business of the defendant. These details are not given beyond an expression in the moving affidavits, “ such as the transmission of reports” to the defendant. The opposing affidavits show that the defendant has issued a form of freight receipt, “Form 21, N. Y,” which contains thereon a printed statement upon its side: “ Thomas C. Pollock, agent. Office, New Pier 28, North River, New York.” At the bottom there is printed the words, “ Received payment for the Company ...............for agent.” Pollock used this form of receipt. In the absence of explanation this receipt imports enough to make out a managing agency.
The Code does not specify the extent of the agency beyond the fact that the person upon whom service is made shall be a managing agent. The defendant would be bound by Pollock’s contracts for freight sent as well as by his receipts for freight received. I think this is enough to make the service good.
Motion denied, with ten dollars costs to abide event.
Second Department, General Term, February, 1885.
Pratt, J.
There is no doubt that defendants hold Pollock out to the world as their agent in the city of New York. It is plain that he has a large authority, and within a wide field his acts are binding on defendant.
The Code does not specify the extent of the agency required to bind defendants by service of process, except that the person upon whom the service is made must be managing agent. Were the rule to be established, as contended by appellants, that the agent must have charge of the whole business of the corporation the statute would be a dead letter, for such an *158 agency seldom, if ever, exists. Every object of the service is attained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made. The statute is satisfied if he be a managing agent to any extent.
' Order affirmed, with costs.
Dykman, J., concurs.